IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff-Respondent, | § | |
| | § | |
| V. | § | CRIMINAL ACTION NO. H-03-183-02 |
| | § | CIVIL ACTION  NO. H-05-4401 |
| ANTHONY OBINNA NWOKE, | § | |
| | § | |
| Defendant-Movant. | § | |

## MEMORANDUM AND RECOMMENDATION
## GRANTING UNITED STATES' MOTION TO DISMISS

Before the Magistrate Judge in this proceeding under 28 U.S.C. § 2255, is the United States'
Motion to Dismiss (Document No. 72), and Movant Anthony Obinna Nwoke's 28 U.S.C. § 2255
Motion to Vacate, Set Aside or Correct Sentence (duplicate Document Nos. 60 & 64).  Having
reviewed the § 2255 Motion to Vacate, Set Aside or Correct Sentence, the United States' Motion to
Dismiss, the record of the proceedings before the District Court in the underlying criminal case, and
the applicable law, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that the
United States' Motion to Dismiss be GRANTED, that Movant Nwoke's § 2255 Motion to Vacate,
Set Aside or Correct Sentence be DENIED, and that this § 2255 proceeding be DISMISSED with
prejudice.

## I.      Procedural History

Movant Anthony Obinna Nwoke ("Nwoke"), who is currently in the custody of the United
States Bureau of Prisons, is seeking federal habeas corpus relief under 28 U.S.C. § 2255.  This is
Nwoke's first motion pursuant to § 2255.

On May 21, 2003, Nwoke was charged by Indictment, along with one co-defendant, with conspiracy to possess with intent to distribute 1 kilogram or more of heroin (count one), conspiracy to import 1 kilogram or more of heroin (count two), possession with intent to distribute 100 grams or more of heroin (count five), and importation of 100 grams or more of heroin (count six). (Document No. 1).  On July 24, 2003, Nwoke pled guilty to count one pursuant to a written Plea Agreement.  (Document Nos. 17 & 18).  A presentence investigation report was then prepared, to which Nwoke stated that he had no objections.  (Document No. 27).  On August 22, 2005, the Court sentenced Nwoke to 57 months confinement, to be followed by a three year term of supervised release, and a $300 fine.  (Document No. 48).   Judgment was entered on September 1, 2005. (Document No. 52).  Nwoke did not appeal.  Instead, on or about December 29, 2005, Nwoke filed a motion requesting a sentencing adjustment (duplicate Document Nos. 60 & 64), which the Court construed as a § 2255 motion to vacate, set aside or correct sentence.  (Document No. 65).  The Government has filed a motion to dismiss, arguing therein that Nwoke knowingly and voluntarily waived his right to file a § 2255 motion or otherwise collaterally attack his conviction or sentence. (Document No. 72).  Nwoke has not filed a response to the Government's Motion to Dismiss.  This § 2255 proceeding is now ripe for ruling.

II.    **Issue Presented**

Nwoke raises two claims in this § 2255 proceeding:

1.    that he should have been given a minor or minimal participant role adjustment; and

2

2.     that the time he spent in a maximum security facility pending his sentencing, as opposed to a lower security facility, should somehow count for more time towards the completion of his sentence.

In its Motion to Dismiss, the Government argues that dismissal of Nwoke's claims is warranted because Nwoke, as part of his written Plea Agreement, knowingly and voluntarily waived his right to collaterally challenge his conviction and sentence in a § 2255 proceeding such as this.

## III.     Discussion

A defendant's waiver of his statutory right to collaterally challenge his conviction with a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 is generally enforceable if the waiver is both knowing and voluntary. *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994); *United States v. Davila,* 258 F.3d 448, 451-52 (6th Cir. 2001). When, however, a defendant alleges that his counsel was ineffective in negotiating a plea agreement, such ineffectiveness claims survive the waiver if "the claimed assistance affected the validity of that waiver or the plea itself." *United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002). In addition, such waivers do not "preclude review of a sentence that exceeds the statutory maximum." *United States v. Hollins*, 97 Fed. Appx. 477, 479 (5th Cir. 2004). In the context of a plea agreement waiver, a sentence exceeds the statutory maximum only when it exceeds the maximum allowed by statute. *United States v. Bond*, 414 F.3d 542, 546 (5th Cir. 2005); *United States v. Cortez*, 413 F.3d 502, 503 (5th Cir.), *cert. denied,* 126 S.Ct. 502 (2005).

In this case, the record shows that Nwoke, as part of his written Plea Agreement, waived his right to appeal the manner in which his sentence was determined, and waived his right to collaterally challenge his conviction and/or sentence. The Plea Agreement provides in this respect:

## WAIVER OF RIGHT OF APPEAL

17.     The Defendant is aware that Title 18, United States Code, Section 3742 affords a Defendant the right to appeal the sentence imposed.  Knowing that, the Defendant agrees to **waive** his right to appeal, except he may appeal an upward departure from the USSG.

18.     This Agreement **does not** affect the rights or obligations of the United States as set forth in Title 18, United States Code, Section 3742(B).

19.     The Defendant is also aware that the United States Constitution and the laws of the United States, including Title 28, United States Code, Section 2255, afford the Defendant the right to contest or "collaterally attack" his conviction or sentence after his conviction has become final.  Knowing that, the Defendant knowingly waives his right to contest or "collaterally attack" his plea, conviction and sentence by means of any post-conviction proceeding.

20.     In agreeing to this waiver, the Defendant is aware that a sentence has not yet been determined by the Court.  The Defendant is also aware that any estimate of the probable sentencing range under the Sentencing Guidelines that the Defendant may have received from the Defendant's counsel, the United States or the Probation Office, is a prediction, not a promise, and is not binding on the United States, the Probation Office or the Court.  The United States **does not** make any promise or representation concerning what sentence the Defendant will receive.  Realizing the uncertainty in estimating what sentence the Defendant will ultimately receive, the Defendant knowingly **waives** his right to appeal in exchange for the concessions made by the United States in this Plea Agreement.

Plea Agreement (Document No. 18) at 7-8 (emphasis in original).  In addition, at his Rearraignment, after making sure that Nwoke had read the Plea Agreement and had conferred with his attorney about the contents of the Plea Agreement, the Court carefully advised Nwoke of the consequences of his plea, including the sentence he faced, and questioned Nwoke about the waiver provisions in the Plea Agreement:

THE COURT: All right.  In view of what you've told me, I'm not going to go over all of it, but I do want to call your attention to some of its provisions.

In Paragraph 1 of the plea agreement for each of you, you've agreed that you will plead guilty to Count 1 of the indictment which charges you with conspiracy to

4

possess with intent to distribute 1 kilogram or more of a mixture or substance containing a detectable amount of cocaine — I beg your pardon, of heroin, it states, of heroin.

Do you understand what it is that you're proposing to plead guilty to?

DEFENDANT NWOKE: Yes, sir.

* * *

THE COURT: You also – then the government states that if you comply with this agreement, it will dismiss Counts 2, 3, 4, 5, and 6 of the indictment at sentencing. Do you understand what the government is agreeing to do?

DEFENDANT NWOKE: Yes, sir.

* * *

THE COURT: All right.  Then in Paragraph 2 it states that the government agrees not to oppose a three-point reduction under the Sentencing Guidelines for acceptance of responsibility and timely notice of intent to plead if the reduction is recommended by the U.S. Probation Office.

I want you to understand, also – let me say, also, the government says that it will recommend a sentence at the low end of the applicable Sentencing Guideline if you comply with all the terms of this plea agreement, including your efforts to earn substantial assistance.

Now, I want you to understand that the fact that the government says it will recommend this or that won't oppose your getting a three-point credit on the Sentencing Guideline does not necessarily mean that you will receive that downward adjustment of three points.  It does not necessarily mean that you're going to get a sentence at the low end of the Guidelines.  That's just what the government's going to stand by.  The Judge still has to make that decision independently.  Do you understand?

* * *

DEFENDANT NWOKE: Yes, sir.

THE COURT: And the Judge may or may not agree with what the government is recommending.  Do you understand?

DEFENDANT NWOKE: Yes, sir.

* * *

THE COURT: Okay.  Now, then in Paragraph 3 it states cooperation agreement and motion for departure.  And then it states that this agreement carries the potential for a motion for departure under Section 5K1.1 of the Sentencing Guidelines, and the statute is cited.  And then you see that big bold word "solely"?  It says the defendant understands and agrees that whether such a motion is filed will be determined solely, do you see that in the bold black print, in all capitals?

DEFENDANT NWOKE: Yes, sir.

* * *

THE COURT: All right.  Now, and then there's a lot of requirements up here that you're agreeing to do, about cooperating and being truthful and being complete and telling about all the drug trafficking you've been doing and know about, including but not limited to circumstances of this particular indictment.  Do you understand?

* * *

DEFENDANT NWOKE: Yes, sir.

THE COURT: You have to be truthful and tell it all.  Do you understand?

* * *

DEFENDANT NWOKE:  Yes, sir.

THE COURT: Then you also agree to provide photographs or documents or any other information that you have about this.  Do you understand?

* * *

DEFENDANT NWOKE: Yes, sir.

THE COURT: All right.  Now, then it further states that you'll, once again, provide full and truthful responses, at Paragraph 4, truthful information.  You agree to testify if called upon to do so.  You waive your Fifth Amendment right.  All of those other provisions, you've read all those and understand your obligations?

* * *

6

DEFENDANT NWOKE: Yes, sir.

THE COURT: Okay.  And then it states in Paragraph 5 that you agree that your sentencing will be postponed until your cooperation shall have been completed, to facilitate the cooperation.  Well, that also depends on how long the Court is willing to allow your sentencing to be put off.  Do you understand?

DEFENDANT NWOKE: Yes, sir.

* * *

THE COURT: And so it may be that if you don't get your cooperation all done quickly, it may be that you'll come on for sentencing, if I decide not to allow any further extension, before you think you ought to have been sentenced and maybe you haven't completed all the cooperation.  So, the quicker, the better, and that goes for the government as well, because I don't, as a rule, just indefinitely postpone sentencings.

MR ALSTON [PROSECUTOR]: Yes, sir, Your Honor.

THE COURT: So, you need to act promptly in these matters.  Do you understand?

DEFENDANT NWOKE: Yes, sir.

* * *

THE COURT: Okay.  Then down here in Paragraph 6, it says that no representation is made to the defendant concerning the extent of any recommendation and you have no estimate of what the recommendation may be, if there is any recommendation at all.  Do you understand?

DEFENDANT NWOKE: Please can you go over that again?

THE COURT: What that means is, is that the government has not made any representation to you concerning the extent of what it would recommend of a more lenient sentence, if it makes a recommendation at all.  We already went over that, that it's solely up to them.

DEFENDANT NWOKE: Yeah.

7

THE COURT: But if they decide that you've given them enough assistance in solving other crimes to warrant a downward departure, then what it's saying is that they have not told you what that recommendation will be.  I assume they don't even know at this time.  Do you understand?

DEFENDANT NWOKE: Yes, sir.

* * *

THE COURT: Okay.  But – all right.  You've read all those provisions as well under that section?

* * *

DEFENDANT NWOKE: Yes, sir.

THE COURT: Okay.  All right.  Now, back here on – I notice that these plea agreements really kind of track each other up until Paragraph 11, and Paragraph 11 on Mr. Uzoh correctly points out that probation is not available in this kind of case. That paragraph I notice is not in Mr. Nwoke's –

MR. ALSTON [PROSECUTOR]: Yes, sir, Your Honor.

THE COURT:  – agreement and I don't know why, because the same rule applies.

MR. ALSTON [PROSECUTOR]: Yes, sir, Your Honor.  Mr. Frankoff spoke to me about [ ] he wanted that taken out and since the other provisions of the plea agreement state that he will be sentenced by the Guidelines and the law applicable to this case, I took that out for Mr. Frankoff.

THE COURT: All right.  Well, it's not in here, but you understand, Mr. Nwoke, that you're not eligible for probation in this case?

DEFENDANT NWOKE: Yes, sir.

THE COURT: Or to have a sentence suspended.  The law doesn't allow it.  Do you understand?

DEFENDANT NWOKE: Yes, sir.

THE COURT: Okay.  Then down here in Paragraph – beginning with Paragraph 18 and Paragraph 17 on Mr. Nwoke's agreement, there's a subtitle just above that that says "Waiver of Right of Appeal."  Do you see that?

8

DEFENDANT NWOKE: Yes, sir.

* * *

THE COURT: And what that – and then there are several paragraphs under that. And what it states is that you know that whenever a sentence is imposed, you have a right to appeal to a higher court.  Well, in this agreement you're agreeing to waive, that is, give up your right to appeal the sentence imposed.  Do you understand?

DEFENDANT NWOKE: Yes, sir.

* * *

THE COURT: So, if I make a mistake, you can't appeal to a higher court.  You're going to have to live with it.  Do you understand?

DEFENDANT NWOKE: Yes, sir.

* * *

THE COURT: Then over here in couple of paragraphs down, Paragraph 20 for Mr. Uzoh and Paragraph 19 for Mr. Nwoke, it states also that you're aware that under the Constitution of the United States and under the statute here, Title 28, U.S. Code, Section 2255, defendant has a right to contest or collaterally attack his conviction after the sentence has become final, the conviction is final.  In other words, sometimes persons in prison, after your conviction and after the sentence and after the case is all over and closed, now the man is in prison and he decides to attack the conviction or the sentence or the proceeding.  Sometimes they turn against their lawyer, say the lawyer didn't give then good, effective assistance, things like that.

    Well, that's when someone files one of these Section 2255 motions or a petition for writ – application for writ of habeas corpus, something like that.  And knowing that, knowing of that right that one has when in prison to do that, you waive and give up your right to collaterally attack your plea, conviction, and sentence by means of any post-conviction proceeding.  In other words, you're giving up that right, too.  Do you understand?

DEFENDANT NWOKE:  Yes, sir.

* * *

THE COURT: Is that your agreement?

9

DEFENDANT NWOKE: Yes, sir.

Rearraignment Transcript (Document No. 66) at 11-19.  The Court then determined that Nwoke's guilty plea was knowing and voluntary.  *Id.* at 32.

The evidence in the record is that Nwoke's guilty plea, and the waivers contained therein, were knowing and voluntary.  Nwoke makes no claim or argument that his plea was not knowing and voluntary, and makes no complaints about the assistance of counsel he received in connection with the entry of his plea.  Because the record of the Rearraignment proceeding shows that Nwoke's guilty plea was knowing and voluntary, and that Nwoke's waiver of his right to file a § 2255 proceeding was knowing and voluntary, Nwoke's waiver of his statutory right to collaterally challenge his conviction and sentence is enforceable, *see  Mason v. United States*, 211 F.3d 1065, 1069 (7th Cir. 2000); *Davila*, 258 F.3d at 451-52; *United States v. Nguyen*, 2005 WL 14909 (E.D. La. 2005), *Morua v. United States*, 2005 WL 1745474 (S.D. Tex. 2005) (Hittner, J.), and this § 2255 proceeding is, consequently, subject to dismissal.

## IV.    Conclusion and Recommendation

Based on the foregoing and the conclusion that Nwoke knowingly and voluntarily waived his right to collaterally attack his conviction, the Magistrate Judge

RECOMMENDS that the Government's Motion to Dismiss (Document No. 72) be GRANTED, that Movant Anthony Obinna Nwoke's 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence (duplicate Document Nos. 60 & 64) be DENIED, and that this § 2255 proceeding be DISMISSED WITH PREJUDICE.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record.  Within 10 days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), FED. R. CIV. P. 72(b), and General Order 80-5, S.D. Texas.  Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc).  Moreover, absent plain error, failure to file objections within the ten day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1429 (5th Cir. 1996).  The original of any written objections shall be filed with the United States District Clerk, P.O. Box 61010, Houston, Texas 77208.

Signed at Houston, Texas, this 9th  day of June, 2006.


Frances H. Stacy
United States Magistrate Judge

11